UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.   Case No. 8:04-CR-95-T-23TBM

**ELIZABETH GATLIN**

_____/

O R D E R

Before the Court is Defendant's motion styled "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming" (D-113).

Defendant is serving a 240 month sentence of incarceration for various drug offenses and being a felon-in-possession of a firearm. Defendant is currently due to be released from incarceration in July 2021.

Defendant seeks a reduction in sentence based upon her post-sentencing rehabilitation. While incarcerated, Defendant has completed various educational courses and received 25 certificates, totaling 4,691 hours.

Defendant, however, fails to recognize that the Court may not reduce a sentence except in limited circumstances. Section 3582(c) provides that a court may modify a term of imprisonment when (1) the Director of the Bureau of Prisons moves for a reduction in sentence; (2) Rule 35 of the Federal Rules of Criminal Procedure permits modification; or (3) the sentencing range that has been

imposed has been subsequently been lowered by the Sentencing Commission. 18 U.S.C. §3582(c). Unfortunately for the Defendant, none of the foregoing circumstances is present here. The Director of the Bureau of Prisons has not filed a motion seeking reduction in Defendant's sentence, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Finally, Rule 35 allows the a court to correct a sentence only within seven days of sentencing or to reduce a sentence for substantial assistance based upon a motion by the government. Fed.R.Crim.P. 35(a) and (b). Neither condition is present here.

Further, Defendant's reliance on Pepper v. United States, 131 S.Ct. 1229 (2011), is misplaced. In Pepper, the Supreme Court held that, when a defendant's sentence has been vacated on appeal, the district court at resentencing may consider evidence based on post-sentencing rehabilitation. Id. at 1241. Here, however, Defendant's sentence was not vacated on appeal. As such, Pepper does not apply. United States v. Edwards, — Fed. Appx. ----, 2013 WL 6052839, at *1, n. 1 (11th Cir. Nov. 18, 2013) (per curiam) (court found that Pepper did not apply to a § 3582(c)(2) proceeding).

As such, the Court has no authority to modify Defendant's sentence.

The Court therefore ORDERS as follows:

1) Defendant's "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming" (D-113) is DISMISSED for lack of subject matter jurisdiction.

DONE AND ORDERED at Tampa, Florida this 12th day of February, 2014.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE